THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANIE SLAMON, as Executrix of the Estate of James Slamon, and ERIC LEWIS, on behalf of themselves and all others similarly situated | : : : : : |
| Plaintiffs, | : |
| v. | : 3:16-CV-2187 |
| | : (JUDGE MARIANI) |
| CARRIZO (MARCELLUS) LLC, RELIANCE MARCELLUS II, LLC, RELIANCE HOLDINGS USA, INC., BKV OPERATING LLC, and BKV CHELSEA LLC | : : : : : |
| Defendants. | : |

## ORDER

**AND NOW, THIS 18TH DAY OF MAY, 2020**, upon consideration of Plaintiffs' Motion for Class Certification (Doc. 96) and the parties' briefs and exhibits, and all other relevant documents of record, for the reasons set forth in this Court's accompanying memorandum opinion, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs' Motion for Class Certification is **GRANTED** with respect to the "No Deductions" Class, which is hereby certified pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) as follows:

    All persons or entities within the Commonwealth who are, or have been, a royalty owner under a Paid Up Oil and Gas Lease with or assigned to one or more of Defendants where that lease expressly prohibits the

> deduction of post-production expenses when calculating royalty amounts due, and where (a) natural gas has been produced under the lease, (b) the person or entity has received one or more royalty payments under the lease, and (c) the person or entity has not released their claims in this matter.

2. Plaintiffs' Motion for Class Certification is **GRANTED** as to the "Highest Price" Class, which is hereby certified pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3) as follows:

   > All persons or entities within the Commonwealth who are, or have been, a royalty owner under a Paid Up Oil and Gas Lease with or assigned to one or more of Defendants where that lease expressly provides that the value of natural gas on which lessee owes a royalty percentage is, absent application of a contractual proviso, the greater of the NYMEX spot price and/or the prevailing local market price, or the price at which the gas is sold, and where (a) natural gas has been produced under the lease, (b) the person or entity has received one or more royalty payments under the lease, and (c) the person or entity has not released their claims in this matter.

3. Plaintiffs' Motion for Class Certification is **DENIED** as to an "Implied Duty" Class consisting of:

   > All persons or entities within the Commonwealth who are, or have been, a royalty owner under a Paid Up Oil and Gas Lease with or assigned to one or more of Defendants where (a) natural gas has been produced under the lease, (b) the person or entity has received one or more royalty payments under the lease, and (c) the person or entity has not released their claims in this matter.

4. Plaintiffs' Motion for Class Certification is **DENIED** as to all Classes seeking class certification pursuant to Federal Rule of Civil Procedure 23(b)(2).

5. The following causes of action set forth in Counts II and IV of Plaintiffs' Second Amended Complaint (Doc. 107) constitute the claims certified for class action:

    a. Count II for breach of contract against all Defendants brought on behalf of the "No Deductions Class" and "Highest Price Class".

    b. Count IV requesting an accounting against all Defendants brought on behalf of the "No Deductions Class" and "Highest Price Class".

6. Defendants' affirmative defenses raised in their Answers which are responsive to the above-stated class claims are further certified for class action.

7. The following common issues and defenses thereto with respect to Counts II and IV of the Second Amended Complaint are subject to class treatment:

    a. With respect to the "No Deductions Class" the common issues are: (1) whether Defendants' royalty calculation method deducted post production costs from the royalties paid to lessors, and (2) if so, whether the deduction of post production costs violated a prohibition against such deductions in the lease.

    b. With respect to the "Highest Price" Class, the common issue is whether the Defendants compared the NYMEX spot price or local market price to the price received in order to pay lessors the highest of these prices.

    c. Both classes must also determine the common issue of whether the transactions between Defendants and DTE or Twin Eagle were, in fact, arms-length sale transactions with unaffiliated third parties subject to the contractual

    proviso pursuant to which the royalty the lessor receives for the gas production is a percentage of the price paid to the lessee.

8. Plaintiffs Janie Slamon, as Executrix of the Estate of James Slamon, and Eric Lewis are hereby appointed as the representatives of the "No Deductions" and "Highest Price" Classes.

9. The law firms of LeVan Law Group LLC and Berger Montague P.C. are hereby appointed as Class Counsel for the "No Deductions" and "Highest Price" Classes pursuant to Federal Rule of Civil Procedure 23(g).

10. Notice to the Classes shall be disseminated in accordance with a notice program to be submitted for the Court's review and approval within **45 days** of the date of this Order.  The notice to be disseminated shall conform to the requirements of Federal Rule of Civil Procedure 23(c)(2).  Class counsel shall submit a proposed Order to the Court setting forth the provisions of the notice to be sent to class members which shall comply with all of the requirements of Rule 23(c)(2).

                                              _s/ *Robert D. Mariani*_____
                                              Robert D. Mariani
                                              United States District Judge